## UNITED STATES v. ALFANO.

### No. 9113.

Circuit Court of Appeals, Third Circuit.

Argued May 6, 1946.

Decided May 14, 1946.

George R. Sommer, of Newark, N. J., for appellant.

I. Edward Amada, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before EDGERTON, GOODRICH and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The only question requiring comment on the point of this appeal relates to the appellant's criticism of the indictment. He claims that the indictment does not charge the elements of the offense prohibited by the statute which in this case was 18 U.S. C.A. § 101, charging the offense of receiving stolen property.[1]

The words "by any other person" fail to appear in this indictment, possibly by clerical omission. We think, however, that a fair construction of the indictment, as a whole, supplies the missing words. The appellant does not contend that the exact words of the statute must be followed. It is our judgment that the words present are sufficient to inform the defendant of the charges against him and the conviction must be affirmed.

---

[1] "§ 101. (Criminal Code, section 48.) Receiving stolen public property. Whoever shall receive, conceal, or aid in concealing, or shall have or retain in his possession with intent to convert to his own use or gain, any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, which has theretofore been embezzled, stolen, or purloined by any other person, knowing the same to have been so embezzled, stolen, or purloined, shall be fined not more than $5,000, or imprisoned not more than five years, or both; and such person may be tried either before or after the conviction of the principal offender. (Mar. 4, 1909, c. 321, § 48, 35 Stat. 1098.)"